UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN DAVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC., a foreign corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>Removed from King County Superior Court (Case No. 24-2-11945-1 SEA)<br><br>[28 U.S.C. §§ 1332(a), 1441, 1446, and 1453] |

**TO: THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

**AND TO: PLAINTIFF AND ALL ATTORNEYS OF RECORD**

**NOTICE IS HEREBY GIVEN THAT:**

Defendant Delta Air Lines, Inc. ("Delta"), by and through counsel, hereby removes the above-entitled action from the Superior Court of the State of Washington in and for King County to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, because (1) minimal diversity exists under the Class Action Fairness Act, there are more than 100 members in the putative class, and the amount in controversy



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

exceeds $5 million; and (2) complete diversity of jurisdiction exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs. Delta denies the allegations and relief sought, and files this Notice without waiving any defenses, exceptions, or obligation that may exist in its favor. Delta will provide additional evidence to support the allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction.

## I. PROCEDURAL BACKGROUND

1. On May 29, 2024, Plaintiff Brian Davis filed a complaint in King County Superior Court (the "Complaint") individually and on behalf of the members of a Class.

2. On May 31, 2024, Plaintiff served copies of the Summons and Complaint on the registered agent for Delta. A true and correct copy of the Summons and Complaint is attached as **Exhibit A**.

3. In the Complaint, Plaintiff asserts claims on behalf of the following putative class (the "Class"):

> All individuals who, from January 1, 2023, through the date notice is provided to the Class, applied for a job opening in the State of Washington with Delta Air Lines, Inc., where the job posting did not disclose a wage scale or salary range."

Complaint ¶ 40.

4. On behalf of himself and the putative Class, Plaintiff seeks $5,000 in statutory damages based on the alleged failure to disclose wage or salary ranges on job postings for positions in Washington State, purportedly in violation of RCW 49.58.110. *Id.* ¶¶ 56. Additionally, the Complaint seeks a statutory award of attorneys' fees under RCW 49.58.070(1), preliminary and permanent injunctive relief, and declaratory relief. *Id.* ¶¶ 57–59.

5. On June 28, 2024, Delta timely filed a notice removing the action to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332, 1441,



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1446, and 1453. Dkt. 1.[1] The matter was assigned for proceedings before the Honorable Kymberly K. Evanson.

6. On November 7, 2025, Plaintiff filed a motion for remand based on his contention that he lacked Article III standing. Dkt. 27. Delta opposed the motion.

7. On April 3, 2026, this Court granted Plaintiff's motion for remand. Dkt. 34 ("Remand Order"). The Court explained that "[a]s numerous courts in this District have held, unless the plaintiff was 'a bona fide applicant' for employment, an EPOA violation involving 'a job posting with no compensation information included' does not by itself … manifest concrete injury." Remand Order at 6-7 (cleaned up; collecting cases). The Court recognized that "Article III standing turns on facts on the ground—for instance, whether Davis in fact applied to Delta intending to seek employment." *Id*. at 9. It construed Davis's challenge to standing as a "factual challenge because it attacks the truth of Delta's allegation that Davis was a bona fide applicant," *id.* at 10-11, and reviewed the evidence submitted by Delta in opposition to remand—specifically evidence regarding Davis's application, qualifications for the position, and the fact that he is not a serial litigant—to determine whether Delta had shown by a preponderance of the evidence that Davis was a bona fide applicant. *Id*. at 11-12. It concluded that the "the pleadings do not support, and Delta has not shown by a preponderance of the evidence, that Davis was a bona fide applicant." *Id*. at 14.

8. Delta had requested jurisdictional discovery, specifically asking for the opportunity "to depose Davis to 'confirm whether [he] applied' for the position at Delta 'in good faith or experienced any harm by way of his application.'" Remand Order at 14. The Court rejected Delta's request to inquire as to Davis's subjective intent in applying for the position because it was "based on little more than a hunch." *Id*. at 14-15. The remand order became effective on April 17, 2026.

[1] All docket references concern proceedings in *Davis v. Delta Air Lines, Inc., et al.*, Case No. 2:24-cv-00954.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

9. Following remand, Delta propounded discovery requests on Davis, and on June 22, 2026, Plaintiff responded to requests for admissions in King County Superior Court. A true and correct copy of Plaintiff's verified responses to Delta's requests for admission are attached as **Exhibit B**. In his responses, Davis admits that he was a bona fide applicant. Specifically, he admits that he applied to the position specified in the Complaint "with the intent of obtaining employment with Delta." Ex. B at 5 (Response to RFA 1); *see also id.* at 6–14, 16–18 (Responses to RFAs 2–9, 12–14). And he denied that he applied for any "reasons other than obtaining employment with Delta." *Id.* at 19 (Response to RFA 15); *see also id.* at 20–22 (Responses to RFAs 16–18). He admitted that he "suffered injury as a result of the alleged absence of a wage scale or salary range in the Job Advertisement." *Id.* at 14 (Response to RFA 10); *see also id.* at 15–17 (Responses to RFAs 11–13). He admitted that the "loss of valuable time" he alleges in the Complaint "refers to time [he] spent preparing and submitting [his] Application for the Job Advertisement with intent to gain employment." *Id.* at 18 (Response to RFA 14). Plaintiff's discovery responses thus establish that he was a bona fide applicant genuinely seeking employment with Delta and that he alleges injury sufficient for Article III standing.

## II. <u>REMOVAL IS TIMELY</u>

10. Under 28 U.S.C. §§ 1446(b)(3), "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Thirty days from the date of service of Plaintiff's discovery responses is on Wednesday, July 22, 2026.

11. Because this Notice is filed within thirty days from service of Plaintiff's discovery responses, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**III. SUCCESSIVE REMOVAL IS PROCEDURALLY PROPER**

12. Removal is proper, and a federal court properly exercises jurisdiction over a case previously remanded, where a subsequent notice of removal is grounded in a factual basis that did not exist, or was not ascertainable, at the time of the first removal. A party may remove "[e]xcept as otherwise provided by Act of Congress," 28 U.S.C. § 1441(a), and may do so within thirty days of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," *id.* § 1446(b)(3). While 28 U.S.C. § 1447(d) bars review of a remand order on appeal "or otherwise," that prohibition reaches only "reviews by district courts of their own remands based on the same grounds as the initial removal[]." *Doe v. Am. Red Cross*, 14 F.3d 196, 199 (3d Cir. 1993); *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991) (a "relevant change of circumstances . . . justif[ies] reconsideration of a successive, good faith petition for removal"). It does not bar a second removal where "subsequent pleadings or conduct by the parties . . . bring[] a case that was not previously removable within the removal jurisdiction of the federal courts." *In re Diet Drugs*, 282 F.3d 220, 232 n.8 (3d Cir. 2002) (quotation omitted). What controls is whether the factual basis has changed: "[t]he prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists . . ., but rather the pleading or event that made the case removable," and "different grounds more precisely mean a different set of facts that state a new ground for removal." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) (citing *O'Bryan v. Chandler*, 496 F.2d 403, 410 (10th Cir. 1974)). Courts have accordingly sustained successive removals where, as here, the grounds for federal jurisdiction "become apparent only later in the litigation" through post-remand discovery. *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 53 (1st Cir. 2009); *accord Bycko v. State Farm Mut. Auto. Ins. Co.*, No. 25-1103, 2025 WL 1453655, at *5–6 (D.N.J. May 21, 2025) (second CAFA removal procedurally proper where predicated on discovery obtained after the first remand); *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) ("A successive removal petition is permitted only upon a 'relevant change of circumstances'—that is, 'when



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

subsequent pleadings or events reveal a new and different ground for removal.'").

13. This Notice satisfies that standard. It does not seek review of, or relitigate, the Remand Order. The Remand Order did not find that Davis was not a bona fide applicant; it found that, on the record as it then existed, "the pleadings did not support" that conclusion and that Delta had not carried its burden to present "competent proof" by a preponderance of the evidence. Remand Order at 11, 14–15. That was a failure of proof on an undeveloped record, and it is exactly the kind of gap that post-remand discovery may close. Davis's verified discovery responses now supply the missing fact. Under oath, Davis has admitted that he applied to the position "with the intent of obtaining employment with Delta," Ex. B at 5 (Resp. to RFA 1), and denied applying for any other purpose, *id.* at 19 (Resp. to RFA 15). This is direct evidence of the element the Court held unestablished. It is therefore a "different set of facts" supporting removal, not the "same ground[]" already decided. *S.W.S. Erectors*, 72 F.3d at 492–93 (a remand order addressing a jurisdictional theory "does not have res judicata effect on subsequent removals based on the same theory, provided that the subsequent removal petitions allege a different factual basis"). Because Davis's bona fide applicant status was not established until his own admissions came into existence after remand, this second removal is proper.

## IV. VENUE

14. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Western District of Washington embraces the place where this action is pending, King County Superior Court.

## V. ORIGINAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

15. This lawsuit is a putative class action.[2] Removal based on the Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (1) Plaintiff's

[2] Delta denies and reserves the right to contest Plaintiff's contention that this action can properly proceed as a class action.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

discovery responses establish that Plaintiff has Article III standing to assert the claim in the Complaint; (2) minimal diversity of citizenship exists between at least one putative Class member and at least one Defendant; (3) there are more than 100 members in the putative Class; and (4) the Complaint places in controversy more than $5 million, exclusive of interest and costs. Remand Order at 1, 6-7, 9, 13; 28 U.S.C. §§ 1332(d)(2), (d)(5)(b), 1453. Although Delta denies Plaintiff's factual allegations and denies that Plaintiff—and the class he purports to represent—is entitled to the relief requested in the Complaint, based on Plaintiff's allegations in the Complaint, the allegations in Delta's answer filed on November 7, 2025 (Dkt. 28), and Plaintiff's discovery responses (Ex. B), all requirements for federal subject matter jurisdiction under Article III and CAFA have been met in this case.

**A. Article III Standing Exists.**

16. "Standing exists if the plaintiff has an injury-in-fact that is concrete, particularized, actual or imminent, fairly traceable to the challenged action of the defendant, and likely to be redressed by a favorable decision." Remand Order at 5 (citing *Cal. Sea Urchin Comm'n v. Bean*, 883 F.3d 1173, 1180 (9th Cir. 2018), *as amended* (Apr. 18, 2018), in turn citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). "Article III standing turns on facts on the ground—for instance, whether Davis in fact applied to Delta intending to seek employment." *Id*. at 9.

17. The Court previously held that there was no federal subject matter jurisdiction over the Complaint due to Plaintiff's purported lack of Article III standing—because "the pleadings do not support, and Delta has not shown by a preponderance of the evidence, that Davis was a bona fide applicant," *i.e.*, someone "intending to seek employment." Remand Order at 9, 11, 12, 14. On that basis, the Court remanded the case to King County Superior Court. *Id.*

18. As discussed above, subsequent discovery before the King County Superior Court demonstrates that Plaintiff, by his own verified admissions, applied to the position specified in the Complaint "with the intent of obtaining employment with Delta" and therefore was a bona fide



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

applicant to Delta. Ex. B at 5–14, 16–22 (Responses to RFAs 1–10, 12–18). Because Davis was a bona fide applicant, he has Article III standing to assert the claim in the Complaint.

**B. Minimal Diversity of Citizenship Exists.**

19. To establish CAFA's diversity requirement, a party seeking removal must establish only that minimal diversity exists, that is, that one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *see also*, *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

20. Minimal diversity exists under 28 U.S.C. § 1332(d)(2) because Plaintiff and Delta are citizens of different states.

**1. Plaintiff Is a Citizen of Washington.**

21. "An individual is a citizen of the state in which he is domiciled." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Domicile is determined by "an individual's 1) residence in a state, and 2) his intent to remain indefinitely." *Boon*, 229 F. Supp. 2d at 1019. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 519 (10th Cir. 1994).

22. In the Complaint, Plaintiff alleges he "resides in Snohomish County, Washington." Complaint ¶ 15. Plaintiff's continued residence in Washington creates the presumption that he is domiciled in Washington and is a citizen of the State of Washington for purposes of removal. *See Hovensa LLC*, 652 F. 3d at 395; *State Farm Mut. Auto. Ins. Co.*, 19 F.3d at 519.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**2. Delta is a Citizen of Delaware and Georgia.**

23. A corporation is deemed to be a citizen of any state in which it has been incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

24. Defendant Delta Air Lines, Inc. is organized under the laws of the State of Delaware, and its principal place of business and corporate headquarters is in Georgia, where its officers direct, control, and coordinate corporate activities. It is therefore a citizen of Delaware and Georgia for purposes of removal. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 92– 93.

25. As Plaintiff and Delta are citizens of different states, minimal diversity is satisfied.

**C. The Putative Class Has More than 100 Members.**

26. CAFA's requirement that the proposed class membership be no less than 100 members is satisfied here because the putative class has more than 100 members. *See* 28 U.S.C. § 1332(d)(5).

27. Plaintiff asserts claims on behalf of a putative Class comprised of all individuals who applied for a job opening in Washington from January 1, 2023, through the present, where the job posting allegedly did not contain wage scale or salary range information. Complaint ¶ 40. Delta reserves the right to oppose class certification, to dispute Plaintiff's class definition, and to dispute Plaintiff's interpretation of the terms "applicant" and "posting" (among others) as used in RCW 49.58.110 and in the class definition. Based on Plaintiff's class definition, however, and assuming the foregoing terms are all defined in the manner alleged by Plaintiff as well, the putative Class includes at least 1,100 individuals who applied to one or more positions which Plaintiff



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

alleges did not disclose wage scale or salary range information. Thus, the putative Class contains more than 100 members.

**D. The $5,000,000 Amount in Controversy Requirement Is Satisfied.**

28. Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

29. A removing defendant's notice of removal must contain only "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014). The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 89–90 (quoting H.R. Rep. No. 112–10, p. 16 (2011)). There is no presumption against removal in cases invoking CAFA because Congress intended to "facilitate adjudication of certain class actions in federal court." *Id.* at 82.

30. Where, as here, Plaintiff has not pleaded in the Complaint the amount of damages that he seeks, the Court may consider facts beyond the Complaint to determine whether the lawsuit meets the jurisdictional requirement.[3] *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). In such cases, the defendant seeking removal must prove by a preponderance of the evidence that it has met the amount in controversy requirement. *See id.* at 685. That is, the

[3] This Notice of Removal addresses the nature and amount of damages the Complaint places in controversy. Defendant refers to specific damages estimates and cites to comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims lack merit and that Defendant is not liable to Plaintiff or any putative class member in any amount whatsoever. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

defendant must provide evidence that it is more likely than not that the amount in controversy meets the federal jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This burden "is not a daunting one. . . . [A] removing defendant is not obligated to completely 'research, state, and prove the plaintiff's claims for damages.'" *54-40 Brewing Co. LLC v. Truck Ins. Exch.*, No. C21-5586, 2021 WL 6124788, at *2 (W.D. Wash. Dec. 28, 2021) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)).

31. While Delta denies Plaintiff's factual allegations and further denies that Plaintiff and the putative Class he seeks to represent are entitled to any relief whatsoever, Plaintiff's allegations have put into controversy an amount "more likely than not" in excess of the $5 million threshold when aggregating the claims of the putative Class members as set forth in 28 U.S.C. § 1332(d)(6).

**1. <u>Plaintiff's Request for Statutory Damages on Behalf of Himself and Each Putative Class Member Places $5,500,000 in Controversy.</u>**

32. Plaintiff has specifically requested statutory damages for himself and each putative Class member of $5,000 pursuant to RCW 49.58.070 and RCW 49.58.110, placing at least $5,500,000 (1,100 putative Class Members x $5,000) in statutory damages in controversy. Complaint ¶ 56.

**2. <u>Plaintiff's Claim for Attorneys' Fees Places At Least $362,500 in Controversy.</u>**

33. Courts have held that an award of attorneys' fees, if such fees are authorized under applicable law, should be considered for purposes of calculating the amount in controversy. *See McGraw v. GEICO Gen. Ins. Co.*, No. C16-5876, 2017 WL 1386085, at *3 (W.D. Wash. Apr. 18, 2017) (concluding "that, whether the [attorneys'] fees are authorized by contract, statute, or case law, they may be included in the amount in controversy"); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *see also Kido as trustee for Kido v. Transamerica Life Ins. Co.*, No.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

C19-1858, 2020 WL 428978, at *3 (W.D. Wash. Jan. 28, 2020) (calculating attorneys' fees for inclusion in the amount in controversy); *Skau v. JBS Carriers, Inc.*, No. C18-681, 2018 WL 6804315, at *2 (W.D. Wash. Dec. 27, 2018) (concluding "it is more likely than not that the attorneys' fees that may be awarded in this case would exceed the remaining amount required to meet the amount in controversy requirement").

34. When estimating attorneys' fees for purposes of removal, the estimated amount is not limited to the fees incurred as of the time of removal, but include those future attorneys' fees that would reasonably accrue through the time the action is resolved. *Fritsch v. Swift Transp. Co. of Arizona, LLC,* 899 F.3d 785, 794 (9th Cir. 2018).

35. The reasonable estimate of attorneys' fees likely to be incurred through resolution of a case may be based upon fee awards in similar cases, plaintiff's counsel's hourly rate, and the number of hours counsel would likely spend on the case. *See Galt G/S*, 142 F.3d at 1155–56; *see also Kido as trustee for Kido*, 2020 WL 428978, at *3 (calculating Plaintiff's estimated attorneys' fees for the purpose of removal using Plaintiff's attorney's hourly rate and a reasonable estimate of the number of hours expected to be spent working on the case). Plaintiff's attorneys handling employment class action cases in the Western District can spend hundreds, if not thousands, of hours working on them through trial. *See, e.g., Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975, 1003 (N.D. Cal. 2017) (granting a total of $15,200,002.90 in attorneys' fees based on a total of 10,595.8 hours at rates ranging from $300 to $900 per hours following a 16-day class action trial); *Ibarra v. Wells Fargo Bank, N.A.*, 2018 WL 5276295, at *7 (C.D. Cal. Sept. 28, 2018) (awarded $1,967,253.76 in attorneys' fees to the plaintiffs following summary judgment in their favor where class counsel had spent 1,805.55 hours litigating at rates ranging from $325 to $775); *In re Taco Bell Wage and Hour Actions,* 222 F. Supp. 3d 813, 847 (E.D. Cal. 2016) (awarding $1,156,821.12 in fees following trial based on 4,016.74 hours billed and a blended rate of only $288 per hour).



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

36. Here, a reasonable estimate of the number of hours Plaintiff's counsel likely will spend litigating Plaintiff's and the putative Class members' claims through trial, based on Plaintiff's allegations and a comparison of similar cases, is *at least* 500 hours. Defendant anticipates that it will move to dismiss. Assuming the case is not dismissed on the pleadings, the parties will need to participate in a Rule 26(f) conference, prepare and file a joint status report, and issue initial disclosures. There will be proceedings related to Plaintiff's attempt to certify the class. Further, Defendant anticipates deposing the Plaintiff. Defendant anticipates that Plaintiff's counsel will depose multiple witnesses, including one or more Rule 30(b)(6) witnesses. Defendant also anticipates filing a motion for summary judgment. The Parties may have disputes regarding discovery that will involve the Parties briefing and arguing one or more discovery motions. Finally, upon judgment, there will be time required to seek approval of, implement, and oversee the claims administration process. Therefore, 500 hours of attorney time represents a conservative, and certainly reasonable, estimate of the minimum number of attorney hours that can reasonably be anticipated through the resolution of this case.

37. Plaintiff's counsel's hourly rates are available through reference to publicly available fee requests in other cases.

38. In separate litigation, attorneys from the law firm representing Plaintiff have sought an hourly rate of $725 for partners. Decl. of Timothy W. Emery in Supp. of Pl.'s Mot. for Attorneys' Fees, Costs, and Service Awards, *Garcia v. Wash. State Dep't of Licensing*, No. 22-2-05635-5 SEA, at 5 (King Cnty. Super. Ct. Jul. 26, 2023). 500 hours of attorney time at a billing rate of $725 an hour equates with $362,500 in attorneys' fees. Plaintiff's claims therefore more likely than not place at least $5,000,000 in controversy.

| **Remedy Requested** | **Amount in Controversy** |
|---|---|
| Statutory damages | $5,500,000 |
| Plaintiff's attorneys' fees | $362,500 |
| Total | $5,862,500 |



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

39. Accordingly, although Delta expressly and emphatically denies Plaintiff's factual allegations and prayer for relief and denies that Plaintiff is entitled to any relief whatsoever, the amount in controversy more likely than not exceeds the jurisdictional threshold set forth in 28 U.S.C. § 1332(d)(2), based on the allegations contained in the Complaint.

## VI. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION BASED ON DIVERSITY

40. In the alternative, this Court has jurisdiction under 28 U.S.C. § 1332 because, upon information and belief, complete diversity of citizenship exists between the named parties and the amount in controversy exceeds $75,000 for the named Plaintiff, exclusive of interests and costs.

### A. Complete Diversity of Citizenship Exists Between the Parties.

41. Complete diversity exists under 28 U.S.C. § 1332(a) between Plaintiff and Delta because Plaintiff and Delta are citizens of different states.

#### 1. Plaintiff Is a Citizen of Washington.

42. As explained above, Plaintiff is a citizen of Washington. *Supra* Section IV.B.1.

#### 2. Defendant Delta Air Lines, Inc. Is a Citizen of Delaware and Georgia.

43. As explained above, Delta is a citizen of Delaware and Georgia. *Supra* Section IV.B.2.

#### 3. Doe Defendants Are Irrelevant for Purposes of Removal.

44. Under 28 U.S.C. § 1441(b)(1), the citizenship of a defendant sued under a fictitious name shall be disregarded. *See also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998) (disregarding the citizenship of defendants sued under fictitious names for purposes of removal); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (same). Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on Delta's ability to remove.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**4. Complete Diversity of Citizenship Exists.**

45. For the reasons set forth above, there is complete diversity of citizenship under 28 U.S.C. §§ 1332(a) and 1441(b) because this is a civil action between citizens of different states.

**B. The $75,000 Amount in Controversy Requirement Is Satisfied.**

46. To establish diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. §1332(a).

47. A removing defendant's notice of removal must contain only "a short and plain statement of the grounds for removal." *Owens*, 574 U.S. at 83. The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 89–90 (quoting H.R. Rep. No. 112–10, p. 16 (2011)).

48. Where, as here, Plaintiff has not pled in the Complaint the amount of damages that he seeks, the Court may consider facts beyond the Complaint to determine whether the lawsuit meets the jurisdictional requirement. *See Abrego Abrego*, 443 F.3d at 690 (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). In such cases, the defendant seeking removal must prove by a preponderance of the evidence that it has met the amount in controversy requirement. 28 U.S.C. § 1446(c)(2); *Abrego Abrego*, 443 F.3d at 683. That is, the defendant must provide evidence that it is more likely than not that the amount in controversy meets the federal jurisdictional amount. *Sanchez*, 102 F.3d at 404. This burden "is not a daunting one. . . . [A] removing defendant is not obligated to completely 'research, state, and prove the plaintiff's claims for damages.'" *54-40 Brewing Co. LLC*, 2021 WL 6124788, at *2 (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)).

49. While Delta denies Plaintiff's factual allegations and further denies that Plaintiff is entitled to any relief whatsoever, Plaintiff's allegations have put into controversy an amount "more likely than not" in excess of $75,000, exclusive of interest and costs.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**1. <u>Plaintiff's Request for Statutory Damages Places $5,000 in Controversy.</u>**

50. Plaintiff has specifically requested statutory damages of $5,000 pursuant to RCW 49.58.070 and RCW 49.58.110, placing at least $5,000 in statutory damages in controversy for Plaintiff alone. Complaint ¶¶ 39, 53, 56.[4]

**2. <u>Plaintiff's Claim for Attorneys' Fees Places At Least $145,000 in Controversy.</u>**

51. As attorney's fees are authorized under RCW 49.58.070, they may be considered for purposes of calculating the amount in controversy. *See McGraw*, 2017 WL 1386085, at *3 (concluding "that, whether the [attorneys'] fees are authorized by contract, statute, or case law, they may be included in the amount in controversy"); *see also supra* Section IV.C.2.

52. The reasonable estimate of attorneys' fees likely to be incurred through resolution of a case may be based upon fee awards in similar cases, plaintiff's counsel's hourly rate, and the number of hours counsel would likely spend on the case. *See Galt G/S*, 142 F.3d at 1155–56; *see also Kido as trustee for Kido*, 2020 WL 428978, at *3 (calculating Plaintiff's estimated attorneys' fees for the purpose of removal using Plaintiff's attorney's hourly rate and a reasonable estimate of the number of hours expected to be spent working on the case). Plaintiff's attorneys handling single-plaintiff employment cases in the Western District can spend hundreds, if not thousands, of hours working on them through trial. *See, e.g.*, Pl.'s Mot. for Attorney's Fees and Suppl. J. re Tax Consequences, *Jacobs v. Wal-Mart Stores, Inc.*, No. 3:17-cv-5988, at 3 (W.D. Wash. Mar. 20, 2019) (in a single-plaintiff employment case, plaintiff's counsel recorded 1,613.50 hours worked through trial); Pl.'s Mot. for Attorney Fees, Costs, and Prejudgment Interest, *Conti v. Corporate*

---

[4] Alternatively, Plaintiff seeks actual damages for the "valuable time" spent applying to a job posting that did not include salary or wage information, to the extent those damages are greater than the $5,000 statutory damages. Complaint ¶ 34–35. Plaintiff also alleges that, because of his inability "to evaluate the pay for the position, negotiate that pay, and compare that pay to other available positions in the marketplace," he was harmed. Complaint ¶ 33. Plaintiff therefore has not foreclosed seeking actual damages for an as-yet unidentified amount. Complaint ¶ 37. If Plaintiff seeks actual damages exceeding $5,000, the amount-in-controversy would be even greater than pleaded here.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

*Services Group, Inc.*, No. 12-cv-245, 2013 WL 12317592, at 6 (W.D. Wash. Dec. 26, 2013) (in a single-plaintiff employment case, plaintiff's counsel recorded 3,354.35 hours worked through trial).

53. Here, a reasonable estimate of the number of hours Plaintiff's counsel likely will spend litigating Plaintiff's individual claim through trial (without a class being certified and without litigating issues pertaining to class allegations), based on Plaintiff's allegations and a comparison of similar individual cases, is *at least* 200 hours. Assuming the case is not dismissed on the pleadings, the parties will need to participate in a Rule 16 and 26(f) conference, prepare and file a joint case management conference statement, and appear at a case management conference. Defendant anticipates deposing the Plaintiff. Defendant anticipates that Plaintiff's counsel will depose multiple witnesses, including one or more Rule 30(b)(6) witnesses. Defendant may file a motion to dismiss and/or a motion for summary judgment. The Parties may have disputes regarding discovery that will involve the Parties briefing and arguing one or more discovery motions. Therefore, 200 hours of attorney time represents a conservative, and certainly reasonable, estimate of the minimum number of attorney hours that can reasonably be anticipated through the resolution of this case. This estimate does not take into account any proceedings related to Plaintiff's attempt to certify a class.

54. Plaintiff's counsel's hourly rates are available through reference to publicly available fee requests in other cases. In separate litigation, attorneys from the law firm representing Plaintiff have sought an hourly rate of $725 for partners. Decl. of Timothy W. Emery in Supp. of Pl.'s Mot. for Attorneys' Fees, Costs, and Service Awards, *Garcia v. Wash. State Dep't of Licensing*, No. 22-2-05635-5 SEA, at 5 (King Cnty. Super. Ct. Jul. 26, 2023). 200 hours of attorney time at a billing rate of $725 an hour equates with $145,000 in attorneys' fees. Plaintiff's claims therefore more likely than not place more than $75,000 in controversy.



**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

| Remedy Requested | Amount in Controversy |
|---|---|
| Statutory damages | $5,000 |
| Plaintiff's attorneys' fees | $145,000 |
| Total | $150,000 |

55. Accordingly, although Delta expressly and emphatically denies Plaintiff's factual allegations and prayer for relief and denies that Plaintiff is entitled to any relief whatsoever, the amount in controversy more likely than not exceeds the jurisdictional threshold set forth in U.S.C. § 1332(a), based solely on the allegations contained in the Complaint.

## VII. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

56. As set forth above, this Notice of Removal is timely filed within thirty days of service of the Summons and Complaint upon Defendant.

57. Defendant will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

58. The prerequisites for removal under 28 U.S.C. §§ 1332(a), 1332(d)(2), 1441 and 1446 have been met.

59. Because this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a) and (d)(2), removal of this action is proper pursuant to 28 U.S.C. § 1441.

## VIII. CONCLUSION

Based on the foregoing, removal is proper to this Court. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to conduct jurisdictional discovery and to present evidence and argument in support of its position that this case is subject to removal.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

DATED: July 8, 2026.

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Damon C. Elder*
Damon C. Elder, WSBA #46754

By: *s/ Andrea Delgadillo Ostrovsky*
Andrea Delgadillo Ostrovsky, WSBA #37749

By: *s/ Yara AlHowar*
Yara AlHowar, WSBA #58693

1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: damon.elder@morganlewis.com
andrea.ostrovsky@morganlewis.com
yara.alhowar@morganlewis.com

*Attorneys for Defendant Delta Air Lines, Inc.*

# CERTIFICATE OF SERVICE

I certify that on this date, I served true and correct copies of the following documents via email and CM/ECF E-Filing system, upon all counsel who have appeared in the action in the manner indicated below:

1) Notice of Removal;

2) Civil Cover Sheet;

3) Verification of State Court Records;

4) Corporate Disclosure Statement; and

5) Notice of Related Case.

***Attorneys for Plaintiff*:**
Timothy W. Emery, WSBA #34078
Patrick B. Reddy, WSBA #34092
Paul Cipriani, WSBA #59991
Hannah M. Hamley
Julissa Rachor
Rachel Moore
Calum C. Bryant
**EMERY | REDDY, PC**
Email: emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com
hannah@emeryreddy.com
julissa@emeryreddy.com
rachel@emeryreddy.com
calum@emeryreddy.com
support1@emeryreddy.com

Dated: July 8, 2026 at Seattle, Washington.

*s/ Emily Fortier*
Emily Fortier, Legal Assistant



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401